### Petition of FLORIDA AIR LINES, Inc.

Docket No. 750029-ACC (AB). Order No. 11929.

Florida Public Service Commission.

February 13, 1975.

The following commissioners participated in the disposition of this matter: WILLIAM T. MAYO, Chairman, WILLIAM H. BEVIS, PAULA F. HAWKINS.

BY THE COMMISSION.

*Order granting special temporary suspension:* By petition dated January 10, 1975, Florida Air Lines, Inc. seeks authority from this commission to temporarily suspend service between Tallahassee, Florida, on the one hand, and Jacksonville and Gainesville, Florida, on the other hand, for a period not to exceed six months. The carrier is currently authorized to provide this service pursuant to Certificate No. 3-ACC.

As grounds for this suspension, Florida Air Lines contends that over the seven-month period that it flew these routes, it transported a total of 1847 passengers or an average of 2.46 passengers per flight. This represents a load factor of 8.2% on each flight. Since the break-even load factor for these flights is approximately 41%, the carrier is sustaining significant losses by operating these routes.

While there is currently no other direct air service between Tallahassee and Gainesville, National Air Lines does provide non-stop service between Tallahassee and Jacksonville.

After due consideration, the commission finds that granting this application for temporary suspension of service between Tallahassee

on the one hand, and Gainesville and Jacksonville, on the other hand, for a period not to exceed six months to commence with the effective date of this order is reasonable and not contrary to the public interest.

The commission further finds that, in accordance with §330.52 (3), Florida Statutes, Florida Air Lines should be granted a special temporary suspension of service on these routes effective thirty days from the date of its petition, and not to exceed a period of ninety days. If, within thirty days from the date of this order a substantially affected person objects, in writing, to this suspension of service, the commission will reconsider this petition in light of such objections. If, on the other hand, no such objection is received, Florida Air Lines' petition is granted for a period not to exceed six months.

Based on the foregoing, it is, therefore, ordered that Florida Air Lines, Inc. be granted a special temporary suspension as provided by §330.52(3), Florida Statutes, and that if within thirty days from the date of this order no objections are received by a substantially affected person with respect to this suspension, the petition of Florida Air Lines, Inc. for suspension of service between Tallahassee on the one hand, and Gainesville and Jacksonville, Florida, is granted for a period not to exceed six months.

It is further ordered that any person substantially affected who objects to this suspension of service shall file such objection, in writing, with the commission within thirty days of this order.

By order of Chairman WILLIAM T. MAYO, Commissioner WILLIAM H. BEVIS, and Commissioner PAULA F. HAWKINS, as and constituting the Florida Public Service Commission, this 13th day of February, 1975.

*William B. DeMilly*
Administrative Secretary